IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DUSTIN AVORY SWAN,

    Plaintiff,

v.                                                           Civil Action No. **3:22CV725**

**BRIAN S. BURR,**

    Defendant.

### MEMORANDUM OPINION

Dustin Avory Swan, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. Swan contends that Defendant Burr used excessive force against his person during the course of his arrest and subsequent detention. Defendant Burr has moved to dismiss on the grounds that Swan's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] For the reasons set forth below, the Motion to Dismiss, (ECF No. 20), will be DENIED.

### I. Legal Standard

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan*

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation from the parties' submissions.

*Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (citation omitted). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable," *id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his or her complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Summary of Swan's Allegations

On December 2, 2021, Deputy Burr arrested Swan. (ECF No. 5, at 4.) After Swan was "handcuffed and in custody," Deputy Burr stomped on Swan's back and fractured Swan's T-7 and T-8 vertebrae. (*Id.*) Swan contends that he did not assault Deputy Burr, but that Deputy Burr tried to use the alleged assault "as an excuse for excessive force." (*Id.*) Burr demands monetary damages and injunctive relief. (*Id.* at 4.) The Court deems Swan to claim that Deputy Burr violated his constitutional rights by using excessive force against his person.

## III. Analysis

Deputy Burr notes that the December 2, 2021 altercation between himself and Swan resulted in Swan being convicted of Assault and Battery of a Law Enforcement Officer. (ECF No. 21, at 6.) Deputy Burr, therefore, concludes that Swan's Fourth Amendment[2] claims are barred by the doctrine established by *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486. The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

---

[2] Once Swan was lawfully arrested, he became a pretrial detainee. *U.S. v. Cobb*, 905 F.2d 784, 788 (4th Cir. 1990) (citing *Martin v. Gentile*, 849 F.2d 863, 865–66 § 4th Cir. 1988)). Claims of unreasonable use of force against a pretrial detainee must be evaluated under the Due Process Clause of the Fourteenth Amendment. *Id.* (citation omitted).

3

*Id.* at 486–87 (internal footnote omitted). The Supreme Court then required that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would *necessarily imply the invalidity of his conviction or sentence*; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487 (emphasis added).

The United States Court of Appeals for the Fourth Circuit has emphasized that "[t]he *Heck* analysis requires a close factual examination of the underlying conviction." *Riddick v. Lott*, 202 F. App'x 615, 616 (4th Cir. 2006) (citations omitted). Where, as here, the plaintiff's claim involves excessive force during the course of an arrest and the plaintiff also was convicted of charges of threatening, resisting, or assaulting a police officer, resolution of the *Heck* inquiry often demands an examination of the trial record. *See id.* (alteration and omission in original) (observing that "*Heck* does not bar § 1983 actions alleging excessive force despite a plaintiff's conviction for resisting arrest because a 'state court's finding that [a plaintiff] resisted a lawful arrest . . . may coexist with a finding that the police officers used excessive force to subdue [the plaintiff]'" (quoting *Martinez v. City of Albuquerque*, 184 F.3d 1123, 1127 (10th Cir. 1999))).

Deputy Burr fails to adequately explain why a finding that Swan was guilty of Assault and Battery of a Law Enforcement Officer could not coexist with a finding Deputy Burr used excessive force against Swan. Indeed, Swan contends that Deputy Burr stomped on him *after* he was arrested and in custody. While Swan may be limited in relitigating the facts that gave rise to his state conviction in this proceeding, *see Loney v. Wilder*, No. 3:08CV820, 2011 WL 6148626, at *3 (E.D. Va. Dec. 9, 2011) (precluding plaintiff from offering statements contrary to the sworn Statement of Facts tendered in conjunction with this guilty plea), Deputy Burr fails to demonstrate, at this juncture, that *Heck* demands this dismissal of Swan's claim of excessive force. *See id.*; *see*

4

*also Morrison v. Hampton Police Dep't*, No. 3:18CV527, 2021 WL 744147, at *2 (E.D. Va. Feb. 25, 2021). Accordingly, the Motion to Dismiss (ECF No. 20) will be DENIED.

Swan's Motion for the Appointment of Counsel, (ECF No. 27), and Motion for Appointment of a Guardian Ad Litem, (ECF No. 26), will be DENIED. Any party wishing to file a motion for summary judgment must do so within sixty (60) days of the date of entry hereof.

An appropriate Order will accompany this Memorandum Opinion.

Date: 12 December 2023
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge

5